Roth and others, Executors, Appellants, vs. MASSACHUSETTS BONDING & INSURANCE COMPANY, Respondent.

*October 7—October 27, 1914.*

*Suretyship: Fidelity bond: Death of obligee.*

The obligation of the surety upon a bond given to secure the honesty of a person as employee of the obligee terminated at the death of the obligee, except as to prior acts of the employee, although the latter remained in the employ of the executors who continued the business of the obligee.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This action was brought by the executors of the will of one Leo Roth upon a surety bond given by the defendant April 22, 1912, as security for the honesty of one Kay Hasselbalch, who then entered the employ of Roth as a salesman and collector. Roth was a wholesale tobacconist. He died June 8, 1912. The appellants were authorized by the county court to continue the business after Roth's death. Hasselbalch remained in their employ. In August, 1912, the executors discovered that he had been taking and converting cigars and tobacco and he was discharged. This action was brought to recover for the goods taken and converted after the death of Roth, as well as before. The civil court held that there could be recovered only the value of the goods taken and converted before Roth's death and entered judgment for such goods, but denied any recovery for the goods taken after that time. · The executors appealed from that judgment to the circuit court, where the judgment of the civil court was affirmed. This appeal is from that affirmance.

*W. O. Thomas,* for the appellants.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Mackey Wells,* of counsel, and oral argument by *Mr. Wells.*

WINSLOW, C. J. This judgment must be affirmed. The defendant bound itself to make good to Leo Roth all losses sustained by him by reason of the fraud or dishonesty of Hasselbalch in the discharge of his duties as employee of said Leo Roth. Its promise covered only the period of his employment by Leo Roth. That employment necessarily ceased upon the death of Roth. If the executors afterwards continued the business and employed him therein, that was a new and different employment. The surety might be entirely willing to guarantee the honesty of the employee while

the business was managed by Roth himself, but not willing to do so while it was managed by the executors. Death of the obligee in a surety bond is generally held to terminate the obligation of a surety, except as to past acts, unless a different intention appears from the instrument itself. *Barker v. Parker,* 1 Term Rep. 287; 32 Cyc. 84.

*By the Court.*—Judgment affirmed.